UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DODOTS LICENSING SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO LTD, et al.,<br><br>Defendants. | Case No. 23-cv-06521-JSC<br><br>**ORDER TO STAY PENDING *INTER PARTES* REVIEW**<br><br>Re: Dkt. No. 126 |
| DODOTS LICENSING SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., et al.,<br><br>Defendants. | Case No. 24-cv-00217-JSC<br><br>**ORDER TO STAY PENDING *INTER PARTES* REVIEW**<br><br>Re: Dkt. No. 156 |

Plaintiff DoDots Licensing Solutions LLC (DoDots) sues Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (Samsung) and Apple, Inc. (Apple) for infringement of three patents directed to accessing and displaying internet content: U.S. Patent Nos. 9,369,545 ('545 patent), 8,020,083 ('083 patent), and 8,510,407 ('407 patent). (Case No. 23-cv-651, Dkt. No. 97; Case No. 24-cv-217, Dkt. No. 32.)[1] Before this Court are Defendants' motions to stay pending *inter partes* review. (Dkt. No. 126.)[2] Having carefully considered the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] Both cases have substantially similar procedural histories and briefing. Unless otherwise specified, the Court cites only to Case No. 23-cv-6521 for brevity. This Order applies to both cases.

briefing, and with the benefit of oral argument on February 15, 2024, the Court GRANTS Defendants' motions to stay.

## BACKGROUND

DoDots acquired the asserted patents in December 2017. (Dkt. No. 126-2.) The '545 patent expired in March 2021, and the '083 patent and '407 patent expired in April 2020. (Dkt. No. 126-3 at 9.) DoDots filed this lawsuit in the Western District of Texas in May 2022. (Dkt. No. 1.) Samsung moved to transfer the case to this District in January 2023. (Dkt. No. 62.) The district court denied Samsung's transfer motion in July 2023. (Dkt. No. 94.) In September 2023, Samsung sought a writ of mandamus from the Federal Circuit vacating the district court's denial of Samsung's transfer motion and transferring the case to this District. (Dkt. No. 126-7.) In December 2023, the Federal Circuit granted Samsung's mandamus petition and directed transfer to this District. *See In re Samsung Elecs. Co., Ltd.*, No. 2023-146, 2023 WL 8642711 (Fed. Cir. Dec. 14, 2023).

While Samsung's mandamus petition was pending, the Patent Trial and Appeal Board instituted *inter partes* review on all claims of each asserted patent. *See Samsung Elecs. Co., Ltd. v. Dodots Licensing Sols. LLC*, No. IPR2023-00621, 2023 WL 6633786 (P.T.A.B. Oct. 11, 2023); *Samsung Elecs. Co., Ltd. v. Dodots Licensing Sols. LLC*, No. IPR2023-00701, 2023 WL 6976083 (P.T.A.B. Oct. 23, 2023); *Samsung Elecs. Co., Ltd. v. Dodots Licensing Sols. LLC*, No. IPR2023-00756, 2023 WL 6633546 (P.T.A.B. Oct. 11, 2023). The Patent Trial and Appeal Board will issue its final determinations on the asserted patents by October 23, 2024. 35 U.S.C. § 316(a)(11) ("The Director shall prescribe regulations . . . requiring that the final determination in an inter partes review be issued not later than 1 year after the date on which the Director notices the institution of a review under this chapter."). Defendants now move to stay this case until the Patent Trial and Appeal Board determines the validity of the asserted patents.

## DISCUSSION

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *see also Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357

1  (Fed. Cir. 2016) (applying *Ethicon* to *inter partes* review proceedings). In determining whether to
2  stay pending *inter partes* review, courts consider "(1) whether discovery is complete and whether
3  a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case;
4  and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-
5  moving party." *Id*. As the moving parties, Defendants bear the burden of demonstrating a stay is
6  appropriate. *Id*.

**A. Stage of the Case**

"An early stay may save the parties and the Court from unnecessarily expending significant resources. A stay later in the proceedings will likely produce less benefit and increase the possibility of prejudice." *Topia Tech., Inc. v. Dropbox Inc.*, No. 23-CV-00062-JSC, 2023 WL 3437823, at *3 (N.D. Cal. May 12, 2023) (cleaned up). "Factors indicating the stage of the case include: (1) whether parties have engaged in costly expert discovery and dispositive motion practice; (2) whether the court has issued its claim construction order; and (3) whether the court has set a trial date." *Id*. (cleaned up).

The stage-of-case factor favors granting a stay. The case was transferred to this District in December 2023, no scheduling order has issued, no trial date has been set, expert discovery and dispositive motion briefing have yet to begin, and Samsung has not yet answered the complaint. *See, e.g.*, *Speir Techs. Ltd. v. Apple, Inc.*, No. 5:23-CV-00095-EJD, 2023 WL 2714931, at *2 (N.D. Cal. Mar. 30, 2023) (stage-of-case factor favors granting a stay where the case was recently transferred, discovery has begun but is not completed, no schedule or trial date is set, and the defendant has not yet answered the complaint). The scheduling order from the Western District of Texas no longer controls. *BiTMICRO LLC v. Intel Corp.*, No. 5:23-CV-00625-EJD, 2023 WL 4828676, at *2 (N.D. Cal. July 27, 2023) ("This Court has not yet entered a scheduling order in this case, and this Court is not bound by the case schedule entered prior to transfer.").

Although the parties have "engaged in seven months of fact discovery," (Dkt. No. 150 at 5), fact discovery is far from complete. *Topia Tech., Inc.*, 2023 WL 3437823, at *3 ("[C]ase progress, not the length of case pendency is relevant to this factor."). The parties have noticed ten 30(b)(1) depositions, issued 33 third-party subpoenas, and served 30(b)(6) deposition notices

1    spanning 131 topics, but only one deposition has occurred.  (Dkt. Nos. 126-1 ¶ 2, 126-18, 126-19,

2    126-20, 126-21.)  The week the case was transferred to this District, DoDots served its fourth set

3    of requests for production, third and fourth sets of interrogatories, and request for electronically

4    stored information.  (Dkt. Nos. 126-9, 126-10, 126-11, 126-14.)  While in its proposed schedule,

5    DoDots seeks to extend the fact discovery period until March 22, 2024, (Dkt. No. 133-1 at 2), the

6    proposal is unrealistic given the amount of uncompleted fact discovery.  So, this case is not, as

7    DoDots contends, "on the cusp of expert discovery."  (Dkt. No. 150 at 4.)

8           DoDots insists a stay would be inappropriate because the Western District court issued a

9    claim construction order.  But courts routinely grant stays even when claim construction has

10   already occurred if substantial work lies ahead.  *PersonalWeb Techs., LLC v. Facebook, Inc.*, No.

11   5:13-CV-01356-EJD, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014) ("The parties and courts

12   have already invested significant time and effort into these matters; a claim construction order has

13   been issued and the close of fact discovery is fast approaching.  However, a substantial portion of

14   the work—expert discovery, summary judgment, pre-trial preparation, and trial itself—lies

15   ahead."); *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-CV-04738-WHO, 2018 WL 6574188,

16   at *3 (N.D. Cal. Dec. 12, 2018) ("Although claim construction is complete and some substantial

17   discovery has already occurred, several costlier stages of pretrial preparation remain, not to

18   mention the trial itself."); *Trusted Knight Corp. v. Int'l Bus. Machines Corp.*, No. 19-CV-01206-

19   EMC, 2020 WL 5107611, at *2 (N.D. Cal. Aug. 31, 2020) ("[G]iven that no discovery has yet

20   occurred, no motions for summary judgment have been prepared or filed, and no trial date has yet

21   been set, notwithstanding the fact that claim construction has already occurred, this factor favors a

22   stay."); *RJ Tech. LLC v. Apple Inc.*, No. 822CV01874JVSJDEX, 2023 WL 8188475, at *2 (C.D.

23   Cal. Oct. 4, 2023) ("Thus, although the *Markman* hearing has taken place and this Court issued its

24   Claim Construction Order, there is still much more work ahead.").  Additionally, the Western

25   District court's claim construction order merely states the court's "final claim construction

26   rulings" without providing any analysis as to how those rulings were reached.  (Dkt. No. 101.)

27   The Western District court "plan[ned] to issue a more-detailed Order explaining its analysis in due

28   course," (*id.* at 1), but never issued such an order before the cases were transferred.  So, this Court

1   will likely have to reconsider, or at least reevaluate, claim construction anyway.  In sum,

2   substantial work lies ahead at this stage of the case, which weighs in favor of a stay pending *inter*

3   *partes* review.

### B. Simplification of the Issues

"Under the second factor, the court considers whether granting a stay could simplify the litigation. The standard is simplification of the district court case, not complete elimination of it by the [Patent Trial and Appeal Board]." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1036 (N.D. Cal. 2015) (cleaned up). A stay is justified where "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998).

The simplification factor weighs in favor of a stay. By instituting *inter partes* review on all claims of each asserted patent, the Patent Trial and Appeal Board determined Samsung "made a sufficient showing of a reasonable likelihood" of invalidating the asserted claims. *See Samsung Elecs. Co., Ltd.*, 2023 WL 6633786 at *1, *16-*19; *Samsung Elecs. Co., Ltd.*, 2023 WL 6976083 at *1, *9, *17-*19, *21; *Samsung Elecs. Co., Ltd.*, 2023 WL 6633546 at *1, *24-*25, *28-*29. When, as here, the Patent Trial and Appeal Board's review could dispose of a matter in its entirety or significantly narrow the scope of the issues, the simplification factor "weighs heavily in favor of granting a stay." *Aavid Thermalloy LLC v. Cooler Master, Ltd.*, No. C 17-05363 JSW, 2019 WL 4009166, at *2 (N.D. Cal. Aug. 26, 2019) (quoting *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014)); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. C-14-3348 EMC, 2015 WL 1006582, at *2 (N.D. Cal. Mar. 6, 2015) ("The [Patent and Trademark Office] has agreed to review the validity of all of the patent claims Capella has asserted against Defendants in this action. Thus, [*inter partes* review] proceedings will almost certainly simplify the issues in this case and serve the goal of advancing judicial efficiency.").

If the Patent Trial and Appeal Board "modifies or cancels some or all of the claims subject to review, both the court and the parties benefit because the scope of this case may be narrowed and further proceedings will be streamlined or even obviated entirely." *Capella Photonics, Inc.*,

5

1    2015 WL 1006582, at *2 (cleaned up).  And even if the challenged claims survive *inter partes*

2    review, Samsung "will be bound by the estoppel provisions" of 35 U.S.C. § 315(e)(2), limiting the

3    prior art it may assert in this Court, "which would also simply [*sic*] the issues."  *LBT IP II LLC v.*

4    *Uber Techs. Inc.*, No. 22-CV-03985-WHO, 2023 WL 322894, at *2 (N.D. Cal. Jan. 19, 2023).

5         Though the Patent Trial and Appeal Board denied institution of Apple's *inter partes*

6    review petitions on the asserted patents, Apple's petitions for Director Review seeking to overturn

7    those denials are pending.  (*See, e.g.*, Case No. 24-cv-217, Dkt. No. 162-3.)  Apple conditionally

8    moved to join the Samsung *inter partes* review proceedings if Apple's petitions for Director

9    Review are denied.  (*See, e.g.*, Case No. 24-cv-217, Dkt. No. 162-4 at 3-7.)  If the Patent Office

10   denies Apple's petitions, Apple expects to be joined to Samsung's instituted proceedings by the

11   end of May 2024.  (Case No. 24-cv-217, Dkt. No. 162 at 4.)  If Apple is joined as a party to

12   Samsung's proceedings, Apple stipulates it "will not pursue in the parallel district court

13   proceeding the same grounds as in the petition or any grounds that could have been reasonably

14   raised in the petition." (*Id.*)  Even if Apple is not joined as a party to Samsung's proceedings,

15   "[f]or those claims that survive the reexamination, this court may have a richer prosecution history

16   upon which to base necessary claim construction determinations or reconsideration."  *In re Cygnus*

17   *Telecommunications Tech., LLC, Pat. Litig.*, 385 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005).

18        So, DoDots's arguments the review proceedings are unlikely to moot either case or cancel

19   the asserted patents' claims fail to persuade the Court the proceedings are not highly likely to

20   simplify the case.  The simplification factor weighs in favor of a stay because a stay pending *inter*

21   *partes* review would preserve the resources of the Court and parties by simplifying the issues and

22   streamlining trial.

23   **C. Prejudice**

24        "This factor considers whether a stay would unduly prejudice or present a clear tactical

25   disadvantage to the nonmoving party."  *Topia Tech., Inc.*, 2023 WL 3437823, at *6 (cleaned up).

26   DoDots concedes this factor weighs in favor of a stay because DoDots, as a non-practicing entity,

27   "cannot be prejudiced by a stay because monetary damages provide adequate redress for

28   infringement."  *Speir Techs. Ltd.*, 2023 WL 2714931, at *2; (Dkt. No. 150 at 7).

* * *

As DoDots concedes, it will not be prejudiced by a stay. Given the Patent Trial and Appeal Board instituted review on all claims in all three asserted patents, it is highly likely *inter partes* review will, at a minimum, simplify the case. In light of these circumstances and given the substantial amount of work that must be completed before the cases are ready for the unscheduled trial, Defendants have met their burden of showing a stay is warranted and consistent with Federal Rules of Civil Procedure 1.

**CONCLUSION**

Accordingly, Defendants' motion for a stay pending *inter partes* review is GRANTED. A further case management conference is scheduled for November 14, 2024 at 1:30 p.m. via Zoom video. An updated joint case management conference statement is due one week in advance. Defendants are ordered to file a status report with the Court no later than five business days after the Patent Trial and Appeal Board issues its final written determinations on any of Samsung's three petitions. The parties may request an earlier status conference if circumstances warrant.

This Order disposes of Docket No. 126 in Case No. 23-cv-651 and Dkt. No. 156 in Case No. 24-cv-217.

**IT IS SO ORDERED.**

Dated: February 16, 2024

JACQUELINE SCOTT CORLEY
United States District Judge